IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| OCTAVIA EVERETT,<br><br>　　Plaintiff,<br><br>v.<br><br>SCREENING REPORTS, INC.,<br><br>　　Defendant. | CIVIL ACTION FILE NO.<br><br>1:17-cv-00071-ELR-CMS |

**FINAL REPORT AND RECOMMENDATION**

This Fair Credit Reporting Act ("FCRA") case is before the Court on Defendant's Consolidated Motion and Brief to Dismiss and Compel Arbitration. (Doc. 15). For the reasons discussed below, I **RECOMMEND** that Defendant's motion be **GRANTED IN PART and DENIED IN PART**, and that this action be **STAYED** pending arbitration between the parties.

**I.   BACKGROUND**

On January 5, 2017, Plaintiff Octavia Everett ("Plaintiff") filed this action against Defendant Screening Reports, Inc. ("Defendant"), alleging that Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and her credit history to third parties from at least 2016 through the present, in violation of the FCRA, 15 U.S.C. § 1681. (Doc. 1, Compl.).

In its motion to compel arbitration, Defendant states that Plaintiff signed an agreement authorizing Defendant to conduct a background investigation on Plaintiff

AO 72A
(Rev.8/82)

in connection with her application for an apartment at The Legacy Apartment Homes. (Doc. 15 at 1-2). According to Defendant, the agreement contained an "Arbitration Agreement" that covered all disputes and claims arising out of or relating to actions taken by Defendant in acquiring and reporting information relating to the application. (Id.; Doc. 15-1 at 2-5, "Application and Arbitration Agreement"). Defendant contends that Plaintiff's allegations in this lawsuit – that Defendant violated the FCRA – are expressly covered by the Arbitration Agreement. Defendant asserts that Plaintiff failed to adhere to the terms of the agreement by filing this lawsuit rather than providing written notice of her claim to Defendant. As a result, Defendant asks this Court to compel arbitration and to dismiss Plaintiff's claims with prejudice. (Doc. 15 at 9). In the alternative, Defendant asks this Court to enter a mandatory stay, under 9 U.S.C. § 3, and that Plaintiff be compelled to arbitrate her claims in this dispute in accordance with the subject Arbitration Agreement. (Id. at 10).

In response, Plaintiff has informed the Court that she does not oppose Defendant's request that this matter be submitted to arbitration. (Doc. 17). However, she requests that this matter by stayed, rather than dismissed, pursuant to Section 3 of the Federal Arbitration Act, 9 U.S.C. § 3.

## II.   ANALYSIS

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, which was originally enacted in 1925, states that agreements requiring the submission of disputes to arbitration "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA's "purpose was to reverse the longstanding judicial hostility to arbitration agreements that had existed at English common law and had been adopted by American courts, and to place arbitration agreements upon the same footing as other contracts." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 24 (1991). Under the FAA, the court is required to stay proceedings and to compel arbitration if it determines that the following three criteria are satisfied: (1) there is a valid agreement to arbitrate; (2) the claim falls within the scope of the agreement to arbitrate; and (3) the claim, if a statutory one, must not be one which the legislative body enacting it intended to be precluded from arbitration. Id. at 26; 9 U.S.C. §§ 3, 4. "These provisions [of the FAA] manifest a 'liberal federal policy favoring arbitration agreements.'" Gilmer, 500 U.S. at 25 (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983)).

"[T]he first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute." Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626 (1985). Once the court finds the presence

3

AO 72A
(Rev.8/82)

of an agreement, it must next decide "whether legal constraints external to the parties' agreement foreclose[] the arbitration of those claims." Id. at 628.  Courts must decide, for example, "whether Congress intended, in the enactment of other statutes, to prevent or limit the arbitrability of statutory claims...." Prudential Ins. Co. v. Lai, 42 F.3d 1299, 1303-04 (9th Cir. 1994).

Courts in this Circuit (and elsewhere) have held that federal law imposes no such restrictions, and that FCRA claims are arbitrable.  See Sherer v. Green Tree Servicing LLC, 548 F.3d 379, 382 (5th Cir. 2008) (holding that plaintiff's FCRA claims fell within the terms of the loan agreement's arbitration clause); Campbell v. Verizon Wireless, LLC, No. 14-0517-WS-N, 2015 WL 416484, at *8 (S.D. Ala. 2015) (holding that plaintiff's FCRA claim was arbitrable because plaintiff had pointed to no clear, specific expression by Congress that claims brought under the FCRA should not be referred to arbitration); Pilitz v. Bluegreen Corp., No. 6:11-cv-388-Orl-19KRS, 2011 WL 3359641, at *3 (M.D. Fla. 2011) (holding that plaintiff's FCRA claim was covered by the express terms of the arbitration agreement).

In this case, the parties apparently agree that Plaintiff's claims against Defendant are properly subject to arbitration under the terms of the Arbitration Agreement, and I so find.  Accordingly, the Court now turns to Plaintiff's request for a stay in lieu of dismissal.

4

AO 72A
(Rev.8/82)

By the express terms of the FAA, the finding that Plaintiff's claims against Defendant are properly referred to arbitration warrants a stay of those claims in this proceeding.  See 9 U.S.C. § 3 (providing that where an issue is to be referred to arbitration, courts "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement").  Accordingly, pursuant to 9 U.S.C. § 3, I RECOMMEND that the Court STAY this case pending arbitration between the parties.

### III. CONCLUSION

For the reasons stated above, I **RECOMMEND** that Defendant's Consolidated Motion and Brief to Dismiss and Compel Arbitration (Doc. 15) be **GRANTED IN PART and DENIED IN PART**, as follows:

> (1) that Defendant's Motion to Compel Arbitration (Doc. 15) be **GRANTED** and that Plaintiff's claims be referred to arbitration;
>
> (2) that Plaintiff's and Defendant's request for a stay pending arbitration between the parties be **GRANTED** as to Plaintiff's claims and causes of action asserted against Defendant; and

AO 72A
(Rev.8/82)

(3) that Defendant's alternative motion to dismiss Plaintiff's claims with prejudice (Doc. 15) be **DENIED**.

Because additional proceedings may not be necessary in this Court, I further **RECOMMEND** that the Clerk of the Court be **DIRECTED** to **administratively close this case**. Should additional proceedings become necessary, either party may file a motion to reopen the case.

**IT IS SO RECOMMENDED**, this 5th day of May, 2017.

*/s/ Catherine Salinas*

**CATHERINE M. SALINAS**
**UNITED STATES MAGISTRATE JUDGE**